IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PARKER PERRET, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:10cv522 |
| | § | Judge Clark/Judge Mazzant |
| NATIONWIDE MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion for Summary Judgment [Doc. #32] be denied. On August 21, 2012, defendant filed objections [Doc. #81]. On September 7, plaintiff filed a response to defendant's objections [Doc. #88].

Defendant objects that the Magistrate Judge erred in overruling its objections to plaintiff's summary judgment evidence. The court understands the Magistrate Judge's apparent frustration with defendant's objections, which included objections to almost every piece of evidence offered by plaintiff. The court agrees that a "misleading" objection is not a proper objection and implies that the court is being asked to weigh the evidence. Defendant objects that plaintiff failed to authenticate any of the deposition transcripts. Each of the deposition transcripts contained the court reporter's certificate as to authenticity, and defendant did not allege that any portions of the transcripts are

1

inaccurate. The objections are overruled. Defendant next objects to the declarations of former employees based upon the assertion that the former employees do not have personal knowledge and that they are conclusory or vague. Plaintiff argues that both declarations are relevant, as they pertain to the credibility of defendant's witnesses and are based upon personal knowledge. The court agrees and overrules the objections.

Defendant next objects that the Magistrate Judge erred in concluding that the motion for summary judgment should be denied as to plaintiff's age discrimination claim. Specifically, defendant objects that the Magistrate Judge erred in finding that there was a material issue of fact on whether plaintiff was constructively discharged, that there was a material fact issue regarding whether plaintiff was treated less favorably than similarly situated employees under the age of forty, and that there was a material fact issue regarding plaintiff's ultimate causation burden.

The court finds that plaintiff has offered sufficient summary judgment evidence to defeat defendant's motion for summary judgment. Although the question of constructive discharge is a close call, the court finds that there is enough to go to trial. Defendant merely repeats the same arguments made before the Magistrate Judge, and the court does not see error in denying the motion. This case appears to come down to judging the credibility of plaintiff and his supervisor, Brian McCulloch.

Defendant also objects that the Magistrate Judge erred in denying its motion with regard to plaintiff's retaliation claim. Specially, defendant objects that the Magistrate Judge erred in finding a material fact issue regarding plaintiff's prima facie case of retaliation and that the Magistrate Judge erred in finding that plaintiff offered sufficient summary judgment evidence to establish that, but for his alleged protected activity, he would not have been placed on the PIP. The court finds that the

Magistrate Judge did not err, and there is sufficient evidence to deny the motion and proceed to trial.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendant [Doc. #81], as well as plaintiff's response [Doc. #88], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion for Summary Judgment [Doc. #32] is **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **September, 2012.**

_____
Ron Clark, United States District Judge