**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PARKER PERRET, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:10-cv-522 |
| v. | § | |
| | § | JUDGE CLARK |
| NATIONWIDE MUTUAL INS. CO., | § | |
| | § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| MELVIN PIERRE, SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:10-cv-523 |
| v. | § | |
| | § | JUDGE CLARK |
| NATIONWIDE MUTUAL INS. CO., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND MOTION TO ALTER JUDGMENT

Plaintiffs Parker Perret and Melvin Pierre Sr. filed suit against Defendant Nationwide Mutual Insurance Co. ("Nationwide") alleging that Nationwide unlawfully discriminated against them on the basis of age and, in the case of Pierre, on the basis of both age and race, in violation of the Texas Commission on Human Rights Act ("TCHRA")[1]. *See* Tex. Lab. Code § 21.051.  At trial, the jury found Nationwide had unlawfully discriminated against both Perret and Pierre and awarded them damages for past and physical emotional pain and suffering and back pay and benefits. The jury also found that Nationwide would have taken

---

[1] Both Plaintiffs also asserted a claim for retaliation under the TCHRA.  At trial, however, Plaintiffs abandoned these claims prior to the introduction of any evidence.

the same action against both Plaintiffs even if it had not considered the Plaintiffs' age and/or race. Pursuant to Texas Labor Code § 21.125, Plaintiffs are not entitled to damages, or an order requiring reinstatement or back pay.

Nationwide moved for judgment as a matter of law ("JMOL") and Plaintiffs filed a motion for attorneys' and expert fees pursuant to Texas Labor Code § 21.125 and 21.259. The court denied both motions holding that there was sufficient evidence to support the jury's verdict of unlawful discrimination on the basis of age and race but that Plaintiffs were not entitled to attorney's fees because they were not prevailing parties under Texas law. [Doc. # 136; 141[2]].

Plaintiffs now request a new trial pursuant to Federal Rule of Civil Procedure 59 based on the court's alleged erroneous exclusion of testimony from their witness Brad Carducci. Simply put, Plaintiffs failed to timely disclose Brad Carducci as an expert. That motion is DENIED. Alternatively, Plaintiffs request that the court reconsider its denial of attorney's fees in its final judgment and compensate Plaintiffs for proving that unlawful discrimination was a motivating factor in Defendant's actions. [Doc. # 140, 145]. Under Texas law, Plaintiffs are not entitled to an award of attorney's fees because they received neither monetary nor equitable relief. Plaintiffs' motion for reconsideration of the court's order denying Plaintiffs attorney's fees is DENIED.

## I. STANDARD OF REVIEW

Rule 59(a) and (e) provide, respectively, for motions for new trial and motions to alter or amend judgments. *See United States v. Greenwood*, 974 F.2d 1449, 1468 n. 14 (5th Cir.

---

[2]The cases were consolidated for purposes of trial. For purposes of this order, when referring to documents filed on the docket sheet, the court will first cite documents filed in Case Number 4-10-cv-522 (Perret's case) followed by the document filed in Case Number 4-10-cv-523 (Pierre's case).

1992). The court can grant a new trial "based on its appraisal of the fairness of the trial and the reliability of the jury's verdict," *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985) (providing several examples of grounds for a new trial: if the verdict is against the weight of the evidence, if the damages awarded are excessive, the trial was unfair, or prejudicial error was committed during the trial). "[C]ourts do not grant new trials unless it is reasonably clear that prejudicial error has rept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Cunningham v. Noble Drilling Corp.*, 2002 WL 31886855 at * 2 (E.D. La. Dec. 20, 2002)(quoting Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d. § 2803 at 46-47 (1995)).

A Rule 59(e) motion to amend judgment or for a new trial "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002). Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (citations omitted). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993) (citation omitted). Such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989).

"[T]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993). Considerations limiting this discretion include "(1) finality, and (2) the need to render just

decisions on the basis of all the facts." *Id.* A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Mongrue v. Monsanto Co.,* 249 F.3d 422, 427-28 (5th Cir.2001); *Simon v. U.S.,* 891 F.2d 1154 at 1159 (5th Cir. 1990).

## II. DISCUSSION

### A. Brad Carducci Testimony

Plaintiffs assert that the court, on its own initiative, improperly limited the testimony of their witness Brad Carducci. Carducci planned to testify that Plaintiffs' coaching plans were vague and subjective and were inconsistent with Nationwide's standards for such plans. By excluding this testimony, Plaintiffs contend that the court limited key testimony from their most important witness to rebut Defendant's mixed motive defense.

Contrary to Plaintiffs' assertions, the court did not sua sponte limit Carducci's testimony. Defendant's motion in limine number eight sought to exclude opinion testimony from Carducci regarding whether Plaintiffs' coaching and Performance Improvement Plans were implemented in compliance with Nationwide's policies and procedures. [Doc. #94 at 7; #96 at 7]. Defendant asserted that Carducci was not involved in evaluating Plaintiffs' job performances or placing Plaintiffs on the coaching plans, so any such opinion from him would be inadmissible. [*Id.*]

Plaintiffs admitted at the final pre-trial hearing that Carducci was never designated as an expert witness so any expert opinion testimony was inadmissible. As to Plaintiffs' proffer of Carducci as a lay witness, Plaintiffs admitted he did not have first hand knowledge reviewing Plaintiffs' plans. Accordingly, the court allowed Carducci to testify regarding

4

Nationwide's policies in implementing performance improvement and coaching plans in general but refused to allow Carducci to opine as to whether the Plaintiffs' plans were properly implemented.

Plaintiffs now contend that the court's conclusion was erroneous because (1) Carducci's testimony was actually an admissible lay opinion; (2) even if Carducci's testimony would be considered expert testimony, his declaration was provided to Defendant in advance of trial; and (3) Carducci's testimony was no different in character than McCulloch's testimony about coaching plans yet, McCulloch was not disclosed as a testifying expert either. Plaintiffs' contentions are without merit.

**1. Carducci did not have the personal knowledge to offer a lay opinion**

Pursuant to Federal Rule of Evidence 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The third element of Rule 701 was added in 2000 "to prevent litigants from skirting the *Daubert* standard or the expert disclosure guidelines by introducing expert opinion testimony as lay opinion testimony." *Seitz v. Envirotech Sys. Worldwide, Inc.*, 2008 WL 656513 at *5 (S.D. Tex. Mar. 6, 2008). Where a witnesses' opinions are based upon personal knowledge and experience gained during employment, the witness will not be classified as an expert. *United States v. Valencia*, 600 F.3d 389, 416(5th Cir. 2010). Rather, such a witness is properly categorized as a lay witness. *Id.*; *see also* Fed. R. Evid. 602.

Plaintiffs contend that Carducci sought to testify only as a lay witness in this case

5

because his opinions were based entirely on information he gained during business activities. Carducci certainly had first hand knowledge of Nationwide policies and procedures in implementing coaching plans and performance improvement plans. The court granted Carducci leave to testify on these matters.

But, Carducci did not have first hand knowledge of the actual plans written by Brian McCulloch for Plaintiffs.  Carducci was not McCulloch's supervisor nor did his job duties include evaluating McCulloch's plans to ensure the plans complied with Nationwide's policy. In fact, Carducci left his employment with nationwide in November 2009, at the same time McCulloch created and implemented Plaintiffs' coaching plans.  Thus, Carducci had no personal knowledge regarding the coaching plans or the events that followed. He had no basis to offer lay opinion testimony that McCulloch's plans were inappropriate, subjective, and constituted evidence that McCulloch singled out Pierre and Perret for termination.  Since Carducci had no personal knowledge of the plans, any such testimony would constitute an expert, as opposed to a lay, opinion. *See Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002)(a lay witness must have "personalized knowledge of the facts underlying the opinion").

**2. Failure to designate a witness as an expert and timely provide an expert report will result in exclusion of the witness's testimony**

Plaintiffs next contend that even if Carducci's proposed opinion constitutes an expert as opposed to a lay opinion, this opinion was adequately disclosed in a declaration attached to Plaintiffs' response to Defendant's motion for summary judgment.  Plaintiffs, however, neither designated Carducci as an expert, nor provided Defendant with an expert report in accordance with Federal Rule of Civil Procedure 26(a)(2)(A) and (B).  While Carducci's declaration is contained in Plaintiff's response, the declaration was filed on July 6, 2012, a

year after Plaintiffs' deadline to designate expert witnesses and reports. [*See* Scheduling Order, Docs. # 13, 11]. Plaintiffs offered the court no reason at final pre-trial for their failure to designate Carducci as an expert in a timely fashion. They have offered no reason in their present motion.

### 3. McCulloch properly testified as a lay witness

Finally, Plaintiffs complain that McCulloch should have been similarly restricted from testifying about the sufficiency of the coaching plans because McCulloch, like Carducci, was not designated as a testifying expert. Plaintiffs, however, never raised this concern in pre-trial motions, at the final pre-trial conference, or at trial. To preserve a claim of error, there must be a timely objection or motion to strike, expressly stating the asserted grounds of inadmissibility. Fed. R. Evid. 103(a)(1); *Pregeant v. Pan Am. World Airways, Inc*., 762 F.2d 1245, 1247 (5th Cir. 1985). In other words, a trial court judge must be fully apprised of the grounds of an objection. *See United States v. Jimenez Lopez,* 873 F.2d 769, 773 (5th Cir.1989). Plaintiffs failed to preserve this alleged error. In any case, McCulloch's testimony regarding the coaching and performance improvement plans at issue in the case was a permissible lay opinion; he testified about plans he actually wrote.

### B. Attorney's Fees

Plaintiffs next contend that the court erred in declining to award attorney's fees because, even though Nationwide prevailed on its affirmative defense, Plaintiffs succeeded in proving that Nationwide committed unlawful discrimination. In support of this proposition, Plaintiffs provide the court with a variety of federal cases interpreting federal law, which award at least some attorney's fees where a Defendant prevails on its mixed motive defense.

Plaintiff sued under the Texas Commission of Human Rights Act and claims

attorney's fees pursuant to Sections 21.125 and 21.259 of the Texas Labor Code. Because this is a diversity action, the court must determine whether, under Texas law, attorney's fees would be allowed when a Defendant prevails on its mixed motive defense and Plaintiffs receive no monetary damages or injunctive relief. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938).

The court recognizes that federal courts interpreting federal employment law allow a Plaintiff to recover some amount of attorney's fees where a Defendant succeeds in proving its mixed motive defense. *See Garcia v. City of Houston*, 201 F.3d 672 (5th Cir. 2000)(allowing one-fourth of the attorney's fees requested by Plaintiff in a Title VII case where Defendant prevailed on mixed motive defense and no equitable relief was granted)(citing *Sheppard v. Riverview Nursing Ctr.*, 88 F.3d 1332 (4th Cir. 1996)); *see also Gudenkauf v. Stauffer Commc'n*, 158 F.3d 1074 (10th Cir. 1998).

But, as the court stated in the Order denying Plaintiffs' motion for attorney's fees, the TCHRA is interpreted differently than Title VII in this respect. Every Texas court addressing this issue, including the Texas Supreme Court, has denied Plaintiff attorney's fees where a Defendant has prevailed on its mixed motive defense and no equitable relief is awarded. *See Intercont'l Group P'ship,* 295 S.W.3d at 656 n. 27(citing *S.W. Bell Mobile Sys. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998); *see also Burgmann Seals*, 135 S.W.3d at 858*; ExtendaCare Health Sys. Inc. v. Gisch*, 1996 WL 732468 at *10 (Tex. App.—Dallas 1996, writ denied). Accordingly, under Texas law, Plaintiffs are not entitled to attorney's fees. [3]

---

[3]Both Texas and federal courts have looked to the Supreme Court's decision in *Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566 (1992) in determining what remedies are available to a Plaintiff who has succeeded in proving his employer has committed unlawful discrimination but is awarded no monetary damages because the Defendant has prevailed on its mixed motive defense. Interestingly, federal courts and Texas courts have construed *Farrar* differently in this context with federal courts allowing some attorney's fees and Texas courts holding that such relief is unavailable. As a federal court exercising diversity jurisdiction, this court must decide

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for new trial and motion to alter or amend the judgment [Docs. # 140, 145] is DENIED.

So **ORDERED** and **SIGNED** this **18** day of **July, 2013.**

*signature: Ron Clark*

Ron Clark, United States District Judge

---

the matter in the same manner as a Texas state court would.  *See Nautilus Ins. Co. v. Zamora*, 114 F.3d 536, 538 (5th Cir. 1997)("Because we sit in diversity we must apply Texas law, mindful that in making an Erie guess, we are emphatically not permitted to do merely what we think best; we must do that which we think the Texas Supreme Court would deem best.")(internal quotations omitted).